ACCEPTED
15-25-00116-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/18/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

8/18/2025 12:00:00 AM
CHRISTOPHER A. PRINE
Clerk

**Ron Beal**
**Professor Emeritus & Attorney at Law**
**2530 Wooddale Circle**
**Waco, TX 76710**
**(254) 366-4198**
**ron_beal@baylor.edu**

15th Court of Appeals
P.O. Box 12852
Austin, Texas 78711

August 16, 2025

Re: Paxton v. Garza
  Case No. 15-25-00116-CV
  Amicus Letter Brief

Dear Honorable Justices of the 15th Court of Appeals:

I am receiving absolutely no compensation for the preparation, writing, and filing of this amicus brief and merely do so to protect the integrity and legitimacy of the rulemaking process.

I am an expert in Texas Administrative Law and Statutory Construction. I am a practicing lawyer of 46 years and retired Professor of Law of 40 years. My two-volume treatise of *Texas Administrative Practice & Procedure* is in its 28th edition (Lexis Law Pub. 2025). "Having practiced administrative law in Texas for over sixty years, I can safely say that no other person has had as great an effect on that area of law as Prof. Beal. He has done more to explore and explain the often-complex provisions of these laws than any other lawyer in Texas." Dudley D. McCalla, Jackson Walker LLP (Retired,2020)

It is my opinion that the language of the statute is clear and unambiguous that no rulemaking power was granted to the Attorney General to regulate the conduct of the District Attorneys and County Attorneys of the State of Texas.

The law of the delegation of rulemaking power has remained the same for over 180 years of Texas jurisprudence:

1. "Rules are not to be taken as conferred by implication. Such power must be conferred under statutory or constitutional language that is free from doubt and admits of no other reasonable construction," *Humble Oil & Refining Co. v. R.R. Comm'n,* 128 S.W.2d 9, 15 (Tex. 1939).

2. "A board can only exercise such authority as is conferred upon it by law in clear and unmistakable terms and the same will not be conferred by implication, *Bd. Of Ins. Commr's of Tex. v. Guardian Life Ins. Co,* 180 S.W.2d 906, 908 (Tex. 1944).

In modern times, these decisions have been reaffirmed by the Judiciary adopting the fundamental principle that an agency does not have the inherent power to make rules, for the existence of such power is wholly dependent upon an express, valid statutory grant, *PUC of Texas v. City Public Service Bd. of San Antonio,* 53 S.W.3d 310, 315 (Tex. 2001); *Mc Morries v. T.M.B.,* 2023 Tex. App.Lexis 1005 (Tex. App.-Austin 2023); *Brazos Elec. Power Coop. v. P.U.C.,* 101 S.W.3d 499, 501 (Tex. App.-Austin 2002, pet. Denied); *Sexton v. Mt. Olivet Cemetery Ass'n,* 720 S.W.2d 129, 137 (Tex. App.-Austin 1986, writ ref'd n.r.e.).

The last time the Texas Supreme Court thoroughly reviewed the law as to the delegation of rulemaking power to state agencies, was in the opinion of *PUC of Texas v. City Public Service Bd of San Antonio,* 53 S.W.3d 310, 315-16 (Tex. 2001). The Court held:

"The basic rule is that a state administrative agency has only those powers the Legislature expressly confers upon it."

The Court then stated: "Although it was decided more than sixty years ago, we have not cited *Humble Oil & Refining Co. v. R.R. Comm'n of Tex.,*133 Tex. 330, 128 S.W.2d 9 (1939), in more than a handful of cases….But in fact the proposition that a commission has only those powers conferred upon it in clear and unmistakable language is simply an element of the standard we always apply when asked to review an agency action to see whether the agency has exceeded its statutory authority. As we have said before, the PUC is a creature of the legislature and has no inherent authority. This is true of every state administrative agency and as a result every such agency has only those powers expressly conferred upon it by the Legislature; just as *Humble Oil* held," Id.

However, the Court went on to hold: "…but an agency may also have implied powers that are reasonably necessary to carry out the express responsibilities given to it by the Legislature," Id.

This last proviso makes complete sense and is consistent since the "implication to make rules" **must be derived from the Legislature's express**

**grant of power.** It merely confirms that the Judiciary may always engage in the act of statutory construction to determine the precise legislative intent.

Without doubt, the clearest way for the agency to confer rulemaking power is to utilize the word "rule" and/or "rulemaking. Those are the words defined and utilized in the APA with the requisite procedure in order to lawfully adopt the rules. They are in essence the "magic words" of delegation. With their use by the Legislature, there has been no doubt in the minds of the Judiciary in all cases rendered during the 50-year existence of the APA that those words used by the Legislature sets forth the clear and unambiguous intent to delegate law-making power upon an agency.

When such words are not within the agency's enabling legislation, the Judiciary must decipher the language of the statute very carefully. And what has not been discussed by the Judiciary in modern times is what is the legal effect, if any, as to the lack of rule or rulemaking language. It can be none other than it sets a very strong presumption that a decision was made by the Legislature to not delegate rulemaking power. Why so? This is true for no court has ever held the Legislature must expressly negate its delegation of rulemaking power. Thus, the language relied upon by the A.G. to find implied rulemaking power needs to be compelling in nature.

It is simply insufficient for the A.G. or any agency to simply say my task will be completed more effectively and efficiently if the parties are forced to comply, with a failure to do so being subject to penalties or fines.   There must be a credible and clear argument of statutory construction beyond the mere effectiveness that rules with penalties provide.

Long ago in 1942, the Texas Supreme Court held that when the Legislature expressly charges an agency with "regulating" the public, that constitutes a clearly implied grant of rulemaking power, *R.R. Comm'n. v. Shell Oil Co.,* 161 S.W.2d 1022, 1027 (Tex. 1942). "To regulate" is the act or process of controlling by rule or restriction, *Blacks Law Dictionary* 1311 (2025). Thus, to effectively regulate, an agency must have the power to mandate by the adoption of rules or to engage in rulemaking.

Therefore, the words of implication in the statute pointed to by the A.G. must be something of the equivalent, not merely that it would be helpful. It must be necessary to fulfill the Legislative goals stated by the Legislature, that without it, they cannot be met. And, if the statute's language does nothing more than

impliedly negate the use of rulemaking power by omission, the A.G. is powerless to do so.

In this appeal, the A.G.'s statutory authority simply fails this test. In *Texas Government Code, Chapter 402,* the statutory powers of the Attorney General are set forth. The A.G. is incorrect there has been a general grant of rulemaking power. It does not exist in any statute conferring power upon the A.G. That assertion is simply wrong, and it is a clear abuse of discretion for the A.G. to assert otherwise.

In six sections, the Legislature provided that when procedures would be necessary to fulfil its intent, it expressly set forth that the Attorney General "may adopt rules," *Id. at Sections* 402.0212(f), 402.035(f)(3), & 402.0212(f), .035(f)(3), 0351(b) & (d) and .036(e). These were not general grants of rulemaking power but simply covering a discreet subject matter. And when the Legislature desired the adoption of procedure but did not want to cast those procedures in a binding rule of law, it merely set forth that the Attorney General shall "establish procedures to administer the government program," *Id. at Section* 402.039.

As to the specific statute in controversy, the A.G. was vested with the power to "direct" DAs and County Attorneys to report information the A.G. "desires" relating to criminal matters and the interests of the State, *Section* 41.006.

Whatever these two words mean, reading the words within the statutory language, they clearly are not conferring power upon the A.G. to mandate and regulate these officers of the Court. The very language clearly implies this is a task of merely providing information that is not critical to the A.G., but would be helpful for his understanding of what is happening across the State

Thus, this is a simple informational statute having nothing to do with regulating the conduct of the parties in fulfilling their jobs as prosecutors. The statute itself has no other provision relating to controlling or restricting the conduct of DAs or County Attorneys or for that matter whether the information provided should be stored and/or used for some specific purpose. It is merely to inform.

The Legislature simply vested the A.G. with the ability to find out what is going on "in the trenches" of criminal litigation. This is supported by the fact that the A.G. is not their boss because they are directly elected (and evaluated) by their citizens. Thus, there is no showing of a compelling or even a non-compelling state interest except to simply allow the A.G. the ability to have an understanding what is occurring in the lower courts.

As we construe the relevant statute, we must apply all relevant rules of statutory construction. And as set forth above, for the Legislature to vest the A.G. with rulemaking power, it is so simple as stating, "you may adopt rules," or "engage in rulemaking." The Legislature did not so state, but other statutory provisions setting forth his rulemaking authority in other areas clearly demonstrate they sure do know how to do it if they so desired!

In addition, as the Texas Supreme Court has held a fundamental rule of construction is: "It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose. Likewise, we believe every word excluded from a statute must also be presumed to have been excluded for a purpose," *In re Bell,* 91 S.W.3d 784, 790 (Tex. 2002), *Kappus v. Kappus,* 284 S.W.3d 831, 835 (Tex. 2009), *City of Rockwall v. Hughes,* 246 S.W.3d 621, 629 (Tex. 2008).

Clearly, when the Legislature wants an act to be done, but in the context, it is unnecessary to wrap such statements with the binding effect of law, it deliberately does not expressly confer lawmaking/rulemaking power upon the Attorney General. Thus, the omission of such grant of power to adopt rules or engage in rulemaking must be construed as deliberate. So too, there is a total lack of power granted to the A.G. to regulate or review the attorneys' conduct. This compelling presumption is fortified, as set forth above, by the fact that no Court has ever held the Legislature is required to affirmatively negate in a statute the delegation of rulemaking power when it sets forth an agency's powers.

Finally, in this scenario, the Legislature clearly did not view this information as "critical" and "time-sensitive" to the functioning of government. The A.G. was not instructed to complete this task on a stated timetable or what to do with it. The only reason the Attorney General must have at any time, is a mere "desire" to see such information. Anything more than a mere wish or a decision not to know or care what is going on by choosing not to request at all?

The A.G. does not have the power to regulate if he does not have a duty himself to complete the task at all, as well in a timely fashion, and there is no requirement that the records provided be maintained for future use! He can or cannot at his whim and merely shred them when he is done!

It is simply undisputed that the language chosen by the Legislature in *Section* 41.016 never intended the Attorney General to have the power to adopt rules with the force and effect of law, and without doubt, the Legislature's

deliberate omission of the words "may adopt rules" or "engage in rulemaking" is legally conclusive on the matter when the A.G. can point to no wording in the statute that impliedly grants him regulatory power over the conduct of the District Attorneys and County Attorneys.

These rules must be permanently enjoined because the Attorney General wholly lacks the express and/or implied power to adopt them.

Sincerely,
/s/ Ron Beal
Ron Beal
Attorney at Law
Bar no.24005041
2530 Wooddale Circle
Waco, TX 76710
254-366-4198
ron_beal@baylor.edu

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains words 2358, as determined by the computer's software's word count function, excluding the sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on August 16, 2025, by e-file and/or electronic mail in accordance with the Texas Rules of Civil Procedure to the following:

/s/ Leslie W. Dippel Leslie W. Dippel State Bar No. 00796472 Leslie.Dippel@traviscountytx.gov Todd A. Clark State Bar No. 04298850 Todd.Clark@traviscountytx.gov Cynthia W. Veidt State Bar No. 24028092 Cynthia.Veidt@traviscountytx.gov Travis County Attorneys DELIA GARZA TRAVIS COUNTY ATTORNEY P.O. Box 1748 Austin, TX 78767 Tel.: (512) 854-9513 Fax: (512) 854-4808

Counsel for Appellees Delia Garza, in her Official Capacity as Travis County Attorney, José P. Garza, in his Official Capacity as Travis County District Attorney, and Travis County /s/Justin C. Pfeiffer Justin C. Pfeiffer State Bar No. 24091473 jpfeiffer@gavrilovlaw.com Gavrilov & Brooks, PC P.O. Box 56632 Houston, TX 77256 Tel.: (832) 312-7900 Attorney for Appellee Brian M. Middleton, in his Official Capacity as Fort Bend County District Attorney (268th Judicial District) /s/ Bradley W. Snead Jonathan G.C. Fombonne Deputy County Attorney & First Assistant State Bar No. 24102702 Jonathan.Fombonne@harriscountytx.gov Tiffany S. Bingham Managing Counsel Affirmative & Special Litigation Division State Bar No. 24012287 Tiffany.Bingham@harriscountytx.gov Christopher Garza Deputy Division Director Affirmative & Special Litigation Division State Bar No. 24078543 Christopher.Garza@harriscountytx.gov Office of the Harris County Attorney CHRISTIAN D.MENEFEE HARRIS COUNTY ATTORNEY 1019 Congress Plaza, 15th Floor Houston, TX 77002 Tel.: (713) 274-5101 Fax: (713) 755-8924

Counsel for Appellees El Paso County District Attorney James Montoya, El Paso County Attorney Christina Sanchez, and El Paso County /s/Michael Satin Alexandria Oberman State Bar No. 24131555 aoberman@milchev.com Michael J. Statin (pro hac vice application forthcoming) msatin@milchev.com Laura G. Ferguson (pro hac vice application forthcoming) lferguson@milchev.com MILLER &CHEVALIER CHARTERED 900 16th Street, NW Washington, DC 20006 Tel.: (202) 626-5800 Fax: (202) 626-5801 Counsel for Appellees Criminal District Attorney John Creuzot; Dallas County; Criminal District Attorney Joe Gonzales; and Bexar County /s/Randy T. Leavitt C. Robert Heath State Bar No. 09347500 bheath@bickerstaff.com BICKERSTAFF HEATH DELGADO ACOSTA 1601 S. Mopac Expy., Suite 400 Austin, TX 78746 Tel.: (512) 404-7821 R

Randy T. Leavitt State Bar No. 12098300 randy@randyleavitt.com LAW OFFICE OF RANDY T. LEAVITT 1301 Rio Grande St. Austin, TX 78701 Tel.: (512) 476-4475 Attorneys for Appellee Shawn M. Dick in his Official Capacity as Williamson County District Attorney (26th Judicial District)

William H. Farrell Assistant Attorney General Biff.farrell@oag.texas.gov General Litigation Division Office of the Attorney General P.O. Box 12548, Capitol Station Austin, TX 78711 Counsel for Appellants


/s/ Ron Beal

Ron Beal

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronald Beal on behalf of Ronald Beal
Bar No. 24005041
ron_beal@baylor.edu
Envelope ID: 104467065
Filing Code Description: Letter
Filing Description: Letter
Status as of 8/18/2025 7:17 AM CST

Associated Case Party: Harris County

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christopher Garza | 24078543 | christopher.garza@harriscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Jonathan Fombonne | 24102702 | jonathan.fombonne@harriscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Tiffany Bingham | 24012287 | tiffany.bingham@harriscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Andrea Mintzer | | andrea.mintzer@harriscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Andrea Mintzer | | andrea.mintzer@harriscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Bradely W.Snead | | snead@wrightclosebarger.com | 8/16/2025 11:07:21 AM | SENT |

Associated Case Party: JoseP.Garza

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cynthia Veidt | 24028092 | cynthia.veidt@traviscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Christina Sanchez | 24062984 | christina.sanchez@epcounty.com | 8/16/2025 11:07:21 AM | SENT |
| Leslie W.Dippel | | leslie.dippel@traviscountytx.gov | 8/16/2025 11:07:21 AM | SENT |

Associated Case Party: Ken Paxton, in his Official Capacity as Attorney General of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William FCole | | William.Cole@oag.texas.gov | 8/16/2025 11:07:21 AM | SENT |
| Eric Abels | | Eric.Abels@oag.texas.gov | 8/16/2025 11:07:21 AM | SENT |
| Ben Mendelson | | Ben.Mendelson@oag.texas.gov | 8/16/2025 11:07:21 AM | SENT |
| William H. Farrell H.Farrell | | bill.farrell@oag.texas.gov | 8/16/2025 11:07:21 AM | ERROR |
| Jacob Beach | | Jacob.Beach@oag.texas.gov | 8/16/2025 11:07:21 AM | SENT |

Case Contacts

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronald Beal on behalf of Ronald Beal
Bar No. 24005041
ron_beal@baylor.edu
Envelope ID: 104467065
Filing Code Description: Letter
Filing Description: Letter
Status as of 8/18/2025 7:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 8/16/2025 11:07:21 AM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 8/16/2025 11:07:21 AM | SENT |
| William Farrell | | biff.farrell@oag.texas.gov | 8/16/2025 11:07:21 AM | SENT |
| Leslie W. Dippel | | Leslie.Dippel@traviscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Todd A. Clark | | Todd.Clark@traviscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Jonathan G.C. Fombonne | | Jonathan.Fombonne@harriscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Tiffany S. Bingham | | Tiffany.Bingham@harriscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Christopher Garza | | Christopher.Garza@harriscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Justin C. Pfeiffer | | jpfeiffer@gavrilovlaw.com | 8/16/2025 11:07:21 AM | SENT |
| Christina Sanchez | | Ch.sanchez@epcountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Bernardo Rafael Cruz | | b.cruz@epcountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| C. RobertHeath | | bheath@bickerstaff.com | 8/16/2025 11:07:21 AM | SENT |
| Randy T. Leavitt | | randy@randyleavitt.com | 8/16/2025 11:07:21 AM | SENT |
| Joshua Woods | | woods@wrightclosebarger.com | 8/16/2025 11:07:21 AM | SENT |
| Bradley W.Snead | | snead@wrightclosebarger.com | 8/16/2025 11:07:21 AM | SENT |
| Michael Adams-Hurta | | hurta@wrightclosebarger.com | 8/16/2025 11:07:21 AM | SENT |
| Cynthia W.Veidt | | cynthia.veidt@traviscountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| William H. Farrell | | bill.farrell@oag.texas.gov | 8/16/2025 11:07:21 AM | ERROR |
| Cynthia W. Veidt | | Cyntia.Vedt@traviscountytx.gov | 8/16/2025 11:07:21 AM | ERROR |
| Alexandria Oberman | | aoberman@milchev.com | 8/16/2025 11:07:21 AM | SENT |
| Michael J. Statin | | mstatin@milchev.com | 8/16/2025 11:07:21 AM | ERROR |
| Laura G. Ferguson | | lferguson@milchev.com | 8/16/2025 11:07:21 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronald Beal on behalf of Ronald Beal
Bar No. 24005041
ron_beal@baylor.edu
Envelope ID: 104467065
Filing Code Description: Letter
Filing Description: Letter
Status as of 8/18/2025 7:17 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Laura  G. Ferguson | | lferguson@milchev.com | 8/16/2025 11:07:21 AM | SENT |
| Amy Pollock | | amy.pollock@traviscountytx.gov | 8/16/2025 11:07:21 AM | SENT |

Associated Case Party: Dallas County Criminal District Attorney John Cruezot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexandria Oberman | | aoberman@milchev.com | 8/16/2025 11:07:21 AM | SENT |
| Katharine Tafuri | | ktafuri@milchev.com | 8/16/2025 11:07:21 AM | SENT |
| Alexandria Oberman Oberman | | aoberman@milchev.com | 8/16/2025 11:07:21 AM | SENT |
| Michael J.Satin | | msatin@milchev.com | 8/16/2025 11:07:21 AM | SENT |
| Laura G.Ferguson | | lferguson@milchev.com | 8/16/2025 11:07:21 AM | SENT |

Associated Case Party: Delia Garza

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Leslie W.Dippel | | leslie.dippel@traviscountytx.gov | 8/16/2025 11:07:21 AM | SENT |

Associated Case Party: El Paso County District Attorney James Montoya

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bernardo Cruz | | b.cruz@epcountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Melissa Contreras | | m.contreras@epountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Isela Baeza | | i.baeza@epcountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Isela Jones | | carl.jones@epcountytx.gov | 8/16/2025 11:07:21 AM | SENT |
| Pamela Lopez | | Pam.Lopez@epcountytx.gov | 8/16/2025 11:07:21 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronald Beal on behalf of Ronald Beal
Bar No. 24005041
ron_beal@baylor.edu
Envelope ID: 104467065
Filing Code Description: Letter
Filing Description: Letter
Status as of 8/18/2025 7:17 AM CST

Associated Case Party: El Paso County Attorney Christina Sancez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bernardo Cruz | | b.cruz@epcountytx.gov | 8/16/2025 11:07:21 AM | SENT |

Associated Case Party: El Paso County

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bernardo Cruz | | b.cruz@epcountytx.gov | 8/16/2025 11:07:21 AM | SENT |

Associated Case Party: Bexar County Criminal District Attorney Joe Gonzales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alexandria Oberman | | aoberman@milchev.com | 8/16/2025 11:07:21 AM | SENT |
| Michael J. Satin | | msatin@milchev.com | 8/16/2025 11:07:21 AM | SENT |

Associated Case Party: Dallas County

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alexandria Oberman | | aoberman@milchev.com | 8/16/2025 11:07:21 AM | SENT |